**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME ARIAS-MALDONADO, | No. 12-15246 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00216-JMS-BMK |
| v. | |
| D. K. SISTO, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
J. Michael Seabright, District Judge, Presiding

Submitted November 13 , 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Jaime Arias-Maldonado, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants

violated his First and Fourteenth Amendment rights.  We review de novo a district

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and dismissal under the screening provisions of 28 U.S.C. § 1915A, *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012).  We affirm.

The district court properly granted summary judgment on Arias-Maldonado's Equal Protection Clause claim because Arias-Maldonado failed to raise a genuine dispute of material fact as to whether defendants acted with a racially discriminatory intent in transferring Arias-Maldonado to a prison outside California.  *See United States v. Coleman*, 24 F.3d 37, 38-39 (9th Cir. l994) ("'[E]ven if a neutral law has a disproportionately adverse impact on a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose.'" (citation omitted)).

Dismissal of Arias-Maldonado's claim that defendants failed to respond to his emergency grievances was proper because Arias-Maldonado failed to allege an actual injury and because he has no constitutional entitlement to a specific grievance procedure.  *See Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (requiring plaintiffs to allege an "'actual injury' to court access" to state a claim for violation of the First Amendment (citation omitted)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court did not abuse its discretion in denying Arias-Maldonado leave to file a third amended complaint to assert a claim alleging that defendants violated his Eighth Amendment rights by transferring him out-of-state without proper medical screening. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (concluding that a fifteen month delay between obtaining the relevant facts and seeking leave to amend is unreasonable). Thus, we decline to address the merits of this claim on appeal. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to address claims not raised in the complaint).

Arias-Maldonado's motion to file a substitute reply brief is granted. The Clerk shall file the reply brief received on September 13, 2012.

**AFFIRMED.**